1   LISA L. RUSSELL, Deputy Assistant Attorney General
    U.S. Department of Justice
2   Environment and Natural Resources Division
3   S. JAY GOVINDAN, Section Chief
    NICOLE M. SMITH, Assistant Section Chief
4   ELIZABETH A. KIRBY, Trial Attorney
    Texas Bar No. 24104199
5   Wildlife and Marine Resources Section
6   P.O. Box 7611
    Washington, D.C. 20044-7611
7   Telephone: (202) 305-0339
8   Email: Elizabeth.kirby@usdoj.gov

9   *Attorneys for Federal Defendants*

10

11              **UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ARIZONA**

12  Center for Biological Diversity;           )
13  Maricopa Audubon Society,                  )
                                               )
14          *Plaintiffs*,                      )
                                               )
15                  v.                         )
                                               )
16                                             )    Case No.: 4:23-cv-00354-TUC-AMM
17  Randy Moore, in his official capacity      )
    as Chief of the U.S. Forest Service;       )    **FEDERAL DEFENDANTS' ANSWER**
18  Gary Washington,[1] in his official        )    **TO THE AMENDED AND**
    capacity as Acting Secretary of the        )    **SUPPLEMENTAL COMPLAINT**
19  U.S. Department of Agriculture;            )
20  Walter Cruickshank,[2] in his official     )
    capacity as Acting Secretary of the        )
21  U.S. Department of the Interior; Paul      )
    Souza,[3] in his official capacity as      )
22  Acting Director of the U.S. Fish and       )
23  Wildlife Service,                          )
                                               )
24          *Federal Defendants*,              )
                                               )
25  and _____       )

26  [1] Pursuant to Fed. R. Civ. P. 25(d), Gary Washington is substituted for Tom Vilsack.
27  [2] Pursuant to Fed. R. Civ. P. 25(d), Walter Cruickshank is substituted for Deb Haaland.
    [3] Pursuant to Fed. R. Civ. P. 25(d), Paul Souza is substituted for Martha Williams.

                                    1

|  | ) |
| --- | --- |
| Southern Arizona Cattlemen's | ) |
| Protective Association, Inc., | ) |
|  | ) |
| *Intervenor-Defendant.* |  |

Defendants Randy Moore, in his official capacity as Chief of the U.S. Forest Service ("USFS"), Gary Washington, in his official capacity as Acting Secretary of the U.S. Department of Agriculture, Walter Cruickshank, in his official capacity as Acting Secretary of the U.S. Department of the Interior, and Paul Souza, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service ("FWS") (collectively, "Federal Defendants"), provide the following Answer to Plaintiffs' Amended and Supplemental Complaint for Declaratory and Injunctive Relief (ECF No. 34). Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1. The allegations in the first and second sentences of Paragraph 1 are a characterization of Plaintiffs' action to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first and second sentences of Paragraph 1. Federal Defendants deny the allegations in the first part of the third sentence of Paragraph 1 regarding "[t]he BiOp and USFS's reliance on it" and the characterization of the agencies' actions and purported "new evidence." The remaining allegations in the third sentence of Paragraph 1 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context.

2. The allegations in the first sentence of Paragraph 2 regarding livestock grazing "adversely affecting" three species and "their habitat" in "various ways" are too broad and generalized to permit a response, and Federal Defendants deny them on that basis. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 2. Federal Defendants deny the allegations in the second sentence of Paragraph 2. The allegations in the third, fourth, fifth, and sixth sentences of Paragraph 2 purport to characterize FWS' September 30, 2021, Biological Opinion on Ongoing Grazing on the Coronado National Forest ("2021 BiOp"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

3. Federal Defendants deny the allegations in the first and second sentences of Paragraph 3. The allegations in the third sentences of Paragraph 3 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

4. Federal Defendants deny the allegations in the first and second sentences of Paragraph 4. The allegations in the third sentence of Paragraph 4 are a characterization of Plaintiffs' requested relief to which no response is required. To the extent a response is required, Federal Defendants deny the

3

allegations in the third sentence of Paragraph 4. The allegations in the fourth sentence of Paragraph 4 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context.

5. The allegations in Paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12. Federal Defendants deny the allegations in the first sentence of Paragraph 12 regarding "Defendants' ongoing violations of the ESA and the APA." Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations in the first sentence of Paragraph 12 and deny them on that basis. The allegations in the second and third sentences of Paragraph 12 are a characterization of Plaintiffs' requested relief to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second and third sentences of Paragraph 12.

13. Federal Defendants admit the allegations in the first sentence of Paragraph 13. Federal Defendants admit that the Chief of the USFS is responsible for overseeing USFS's actions challenged in this lawsuit and is sued in their official capacity. Federal Defendants deny the remaining allegations in Paragraph 13.

14. Federal Defendants deny that Tom Vilsack is the Secretary of the Department of Agriculture and aver that Gary Washington is the Acting

5

Secretary of the Department of Agriculture. Federal Defendants admit the remaining allegations in the first sentence of Paragraph 14. Federal Defendants admit that the USFS is an agency within the Department of Agriculture and that the Secretary is sued in their official capacity. Federal Defendants deny the remaining allegations in Paragraph 14.

15. Federal Defendants deny that Martha Williams is the Director of FWS and aver that Paul Souza is the Acting Director of FWS. Federal Defendants admit that FWS is an agency within the Department of the Interior and that Paul Souza is sued in their official capacity. Federal Defendants deny the remaining allegations in Paragraph 15.

16. Federal Defendants deny that Deb Haaland is the Secretary of the Department of the Interior and aver that Walter Cruickshank is the Acting Secretary of the Department of the Interior. Federal Defendants admit that FWS is an agency within the Department of the Interior and that the Secretary is sued within their official capacity. Federal Defendants deny the remaining allegations in Paragraph 16.

17. The allegations in the first sentence of Paragraph 17 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context. The allegations in the second, third, and fourth sentences of Paragraph 17 purport to characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the opinion's plain language, meaning, or context.

18.  The allegations in the first and second sentences of Paragraph 18 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context. The allegations in the third and fourth sentences of Paragraph 18 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

19.  The allegations in the first and second sentences of Paragraph 19 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context. The allegations in the third sentence of Paragraph 19 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

20.  The allegations in the first and fifth sentences of Paragraph 20 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context. The allegations in the second

7

and third sentences of Paragraph 20 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 20 purport to characterize a Ninth Circuit opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the opinion's plain language, meaning, or context.

21. The allegations in the first, second, and fifth sentences of Paragraph 21 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context. The allegations in the third and fourth sentences of Paragraph 21 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context.

22. The allegations in Paragraph 22 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

23. The allegations in Paragraph 23 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants

8

deny any allegations inconsistent with the statute's plain language, meaning, or context.

24. The allegations in Paragraph 24 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

25. The allegations in the first and second sentences of Paragraph 25 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context. The allegations in the third sentence of Paragraph 25 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context. The allegations in the fourth and fifth sentences of Paragraph 25 purport to characterize a Ninth Circuit opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the opinion's plain language, meaning, or context.

26. The allegations in the first and second sentences of Paragraph 26 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or

9

context. The allegations in the third sentence of Paragraph 26 purport to characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the opinion's plain language, meaning, or context.

27. The allegations in Paragraph 27 purport to characterize Supreme Court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the opinions' plain language, meaning, or context.

28. Federal Defendants admit the allegations in Paragraph 28. The image included under Paragraph 28 purports to be a copy of a photograph obtained from FWS's website, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the image's or website's plain meaning or context.

29. The allegations in the first and second sentences of Paragraph 29 purport to characterize a rule published at 79 Fed. Reg. 59,992 (Oct. 3, 2014), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the rule's plain language, meaning, or context. The allegations in the third sentence of Paragraph 29 purport to characterize a rule published at 86 Fed. Reg. 20,798 (Apr. 21, 2021), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the rule's plain language, meaning, or

context. Federal Defendants admit the allegations in the fourth sentence of Paragraph 29.

30. Federal Defendants admit the allegation in Paragraph 30 that there have been population surveys conducted in the Coronado National Forest. The allegations in Paragraph 30 regarding what the agencies "currently know" purport to characterize the results of those surveys, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the surveys' plain language, meaning, or context. The remaining allegations in Paragraph 30 are too broad and generalized to permit a response, and Federal Defendants deny them on that basis.

31. The allegations in Paragraph 31 are quotes or variations of quotes taken from page 158 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

32. The allegations in the first, second, third, fourth, and seventh sentences of Paragraph 32 are quotes or variations of quotes taken from page 159 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the fifth and sixth sentences of Paragraph 32 are quotes or variations of quotes taken from page 162 of the 2021 BiOp, which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

33. The allegations in the first and second sentences of Paragraph 33 are quotes or variations of quotes taken from page 160 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the third sentence of Paragraph 33 are quotes or variations of quotes taken from page 161 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

34. The allegations in the first, second, third, fourth, fifth, and sixth sentences of Paragraph 34 are quotes or variations of quotes taken from page 162 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. Federal Defendants deny the allegations in the seventh sentence of Paragraph 34.

35. The allegations in the first and second sentences of Paragraph 35 are quotes or variations of quotes taken from page 174 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the third, fourth, and fifth sentences of

Paragraph 35 are quotes or variations of quotes taken from page 175 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

36. Federal Defendants admit the allegation in the first sentence of Paragraph 36 that there are 298,845 acres of designated critical habitat for the western distinct population segment of the yellow-billed cuckoo. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 36. Federal Defendants deny allegations in the second sentence of Paragraph 36.

37. The allegations in Paragraph 37 are quotes or variations of quotes taken from page 64 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The image included under Paragraph 37 purports to be a copy of a photograph obtained from FWS's website, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the image's or website's plain meaning or context.

38. The allegations in Paragraph 38 purport to characterize a rule published at 51 Fed. Reg. 16,042 (Apr. 30, 1986), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the rule's plain language, meaning, or context.

13

39. Federal Defendants admit the allegations in the first and second sentences of Paragraph 39. The allegations in the third sentence of Paragraph 39 purport to characterize an unidentified statement by FWS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statement's plain language, meaning, or context.

40. The allegations in the first and third sentences of Paragraph 40 are quotes or variations of quotes taken from page 73 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second sentence of Paragraph 40 are quotes or variations of quotes taken from page 72 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

41. Federal Defendants deny the allegations in the first sentence of Paragraph 41 and aver that population surveys are often only conducted in a major pool in the northern, upper end of the canyon, as a result of safety concerns associated with surveying for the species in the canyons where it occurs (Sycamore and California Gulch/Warsaw Canyon). The allegations in the second sentence of Paragraph 41 are quotes or variations of quotes taken from page 70 of the 2021 BiOp, which speaks for itself and is the best

14

evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

42. The allegations in Paragraph 42 purport to characterize FWS's 1992 Recovery Plan for the Sonora Chub, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

43. The allegations in Paragraph 43 purport to characterize FWS's 2019 Supplemental Finding to the Recovery Plan for the Sonora Chub, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

44. The allegations in Paragraph 44 purport to characterize FWS's 2019 Supplemental Finding to the Recovery Plan for the Sonora Chub, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

45. The allegations in Paragraph 45 purport to characterize FWS's 2022 Five-Year Review for the Sonora Chub, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

46. Federal Defendants admit the allegations in the first sentence of Paragraph 46. The allegations in the second and third sentences of Paragraph 46 purport

15

to characterize FWS's 2007 Recovery Plan for the Chiricahua Leopard Frog, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plan's plain language, meaning, or context.

47. Federal Defendants admit the allegations in the first and second sentences of Paragraph 47. The allegations in the third and fifth sentences of Paragraph 47 purport to characterize a rule published at 67 Fed. Reg. 40,790 (June 13, 2002), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 47 purport to characterize FWS's 2007 Recovery Plan for the Chiricahua Leopard Frog, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

48. Federal Defendants deny the allegations in the first sentence of Paragraph 48 and admit the allegations in the second sentence of Paragraph 48. Federal Defendants admit that grazing can alter bank-line vegetation and deny the remaining allegations in the third sentence of Paragraph 48. Federal Defendants deny the allegations in the fourth sentence of Paragraph 48. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the fifth and sixth sentences of Paragraph 48 and deny them on that basis. Federal Defendants also deny the

16

allegations in the seventh and eighth sentences of Paragraph 48. The allegations in the ninth sentence of Paragraph 48 characterize information in FWS's 2007 Recovery Plan for the Chiricahua Leopard Frog, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the document's plain language, meaning, and context. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the tenth sentence of Paragraph 48 and deny them on that basis. As to the eleventh sentence of Paragraph 48, Federal Defendants admit that "[d]egraded water quality is known to adversely affect both adult and larval frogs" based on the specific water quality parameters outlined in FWS's 2007 Recovery Plan for the Chiricahua Leopard Frog. Federal Defendants deny any allegations contrary to the document's plain language, meaning, and context. Federal Defendants deny the allegations listed in the twelfth and thirteenth sentences of Paragraph 48.

49. The allegations in the first, second, third, fourth, and fifth sentences of Paragraph 49 purport to characterize a rule published at 67 Fed. Reg. 40,790 (June 13, 2002), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the sixth, seventh, eighth, and ninth sentences of Paragraph 49 purport to characterize FWS's 2007 Recovery Plan for the Chiricahua Leopard Frog, which speaks

for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

50. The allegations in the first sentence of Paragraph 50 purport to characterize a rule published at 67 Fed. Reg. 40,790 (June 13, 2002), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the rule's plain language, meaning, or context. The allegations in the second, third, fourth, fifth, and seventh sentences of Paragraph 50 purport to characterize FWS's 2007 Recovery Plan for the Chiricahua Leopard Frog, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. Federal Defendants admit the sixth, ninth, and tenth sentences of Paragraph 50. Federal Defendants admit that the allegations in the eighth sentence of Paragraph 50 are likely true because the species is reported to be absent from a majority of surveyed historical localities.

51. Federal Defendants admit the allegations in the first sentence of Paragraph 51. The allegations in the second sentence of Paragraph 51 are quotes or variations of quotes taken from page 49 of the 2007 Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the third, fourth, fifth, and sixth

sentences of Paragraph 51 are quotes or variations of quotes taken from page 53 of the 2007 Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

52. Federal Defendants admit that the Southwest Endangered Species Act Team issued the report titled "Chiricahua leopard frog (Lithobates [Rana] chiricahuensis): Considerations for making effects determinations and recommendations for reducing and avoiding adverse effects" ("2009 Report"). The allegations in Paragraph 52 are quotes or variations of quotes taken from the 2009 Report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

53. The allegations in Paragraph 53 purport to characterize FWS's Final Listing and Designation of Critical Habitat for the Chiricahua Leopard Frog, 77 Fed. Reg. 16,324 (March 20, 2012), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, and context.

54. The allegations in Paragraph 54 purport to characterize FWS's Final Listing and Designation of Critical Habitat for the Chiricahua Leopard Frog, 77 Fed. Reg. 16,324 (March 20, 2012), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, and context.

55. The allegations in the first sentence of Paragraph 55 are quotes or variations of quotes taken from page 16 of the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second sentence of Paragraph 55 purport to characterize USFS's 2018 Coronado National Forest Land and Resource Management Plan ("2018 Forest Plan"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the third sentence of Paragraph 55 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56. The allegations in the first sentence of Paragraph 56 purport to characterize and quote the 2018 Forest Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second sentence of Paragraph 56 purport to characterize the 2018 Forest Plan and USFS's 2017 Final Programmatic Environmental Impact Statement for Revision of the Coronado National Forest Land and Resource Management Plan, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context.

20

57. The allegations in the first and second sentences of Paragraph 57 regarding Section 7 of the ESA infer legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the remaining allegations in the first and second sentences of Paragraph 57 and aver that adoption of the 2018 Forest Plan did not alter the existing Allotment Management Plans or grazing permits. The allegations in the third sentence of Paragraph 57 purport to characterize USFS's February 2019 Biological Assessment for the Coronado National Forest Livestock Grazing Program and September 2019 Amended Biological Assessment for the Coronado National Forest Livestock Grazing Program ("2019 Amended BA"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context.

58. The allegations in Paragraph 58 purport to characterize and quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

59. The allegations in Paragraph 59 purport to characterize and quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

21

60. The allegations in Paragraph 60 purport to characterize and quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

61. The allegations in Paragraph 61 purport to characterize and quote unidentified communications between FWS and USFS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the communications' plain language, meaning, or context.

62. The allegations in Paragraph 62 purport to characterize and quote a 2019 report authored by Sferra, et al., which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the report's plain language, meaning, or context.

63. The allegations in Paragraph 63 purport to characterize and quote a 2016 BiOp for an unrelated federal action not at issue in this lawsuit. The document speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with that BiOp's plain language, meaning, or context.

64. The allegations in Paragraph 64 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

22

65. The allegations in Paragraph 65 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

66. The allegations in Paragraph 66 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

67. The allegations in Paragraph 67 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

68. The allegations in Paragraph 68 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

69. Federal Defendants deny the allegations in the first part of the first sentence of Paragraph 69 regarding FWS's alleged "failure to adequately consider the effects of climate change." The allegations in the second part of the first sentence of Paragraph 69 regarding alleged concerns raised by an FWS cuckoo expert purport to characterize an unidentified FWS communication, which speaks for itself and is the best evidence of its contents. Federal

23

Defendants deny any allegations inconsistent with the communication's plain language, meaning, or context. The allegations in the third part of the first sentence of Paragraph 69 regarding "prior BiOps" purport to characterize and quote unidentified prior Biological Opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 69 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

70. The allegations in Paragraph 70 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

71. The allegations in Paragraph 71 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

72. The allegations in Paragraph 72 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

73. The allegations in the first and second sentences of Paragraph 73 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the third sentence of Paragraph 73 purport to quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. Federal Defendants deny the fourth sentence of Paragraph 73.

74. The allegations in the first sentence of Paragraph 74 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 74 purport to characterize and quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

75. The allegations in Paragraph 75 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal

25

Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

76. The allegations in Paragraph 76 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

77. The allegations in Paragraph 77 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

78. The allegations in Paragraph 78 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

79. The allegations in Paragraph 79 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

80. The allegations in Paragraph 80 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

26

81. Federal Defendants deny the allegations in the first part of the first sentence of Paragraph 81 regarding FWS's alleged "failure to address climate change." The remaining allegations in the first sentence of Paragraph 81 purport to characterize and quote an unidentified document allegedly issued by FWS two years prior to the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second sentence of Paragraph 81 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

82. The allegations in Paragraph 82 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

83. The allegations in the first and second sentences of Paragraph 83 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. Federal Defendants deny the allegations in the third sentence of Paragraph 83. The allegations in the fourth and fifth sentences of Paragraph 83 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence

27

of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

84. The allegations in the first sentence of Paragraph 84 purport to characterize the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 84 purport to characterize and quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

85. The allegations in Paragraph 85 purport to characterize and quote the 2019 Amended BA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

86. The allegations in Paragraph 86 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

87. The allegations in Paragraph 87 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

28

88. The allegations in Paragraph 88 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

89. The allegations in Paragraph 89 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

90. The allegations in Paragraph 90 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

91. The allegations in Paragraph 91 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

92. The allegations in the first, second, fourth, and fifth sentences of Paragraph 92 purport to characterize and quote the 2021 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the third sentence of Paragraph 92 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29

93. In response to the first sentence of Paragraph 93, Federal Defendants admit that they received a letter from Plaintiffs dated February 28, 2022 ("2022 Letter"). To the extent that the first sentence of Paragraph 93 contains any inferences regarding Plaintiffs' compliance with provisions of the ESA, those allegations are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in the first sentence of Paragraph 93 purport to characterize the 2022 Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 93 also purport to characterize the 2022 Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

94. Federal Defendants admit the allegations in the first sentence of Paragraph 94. The allegations in the second and third sentences of Paragraph 94 purport to characterize and quote an April 27, 2022, letter from FWS ("2022 FWS Response"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

95. The allegations in the first sentence of Paragraph 95 purport to characterize the 2022 FWS Response and the 2021 BiOp, which speak for themselves and

30

are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context. The allegations in the second sentence of Paragraph 95 purport to characterize the 2022 FWS Response and to quote an unidentified document allegedly issued by FWS, documents which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context.

96. The allegations in the first, second, third, and fourth sentences of Paragraph 96 purport to characterize and quote the 2022 FWS Response, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the fifth sentence of Paragraph 96 purport to characterize the 2022 FWS Response and unidentified reports cited in the 2021 BiOp, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context.

97. The allegations in the first, second, and third sentences of Paragraph 97 purport to characterize and quote an April 27, 2022, letter from USFS ("2022 USFS Response"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 97 purport to characterize the 2019 Amended BA and

2021 BiOp, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context. Federal Defendants deny the allegations in the fifth sentence of Paragraph 97.

98. The allegations in Paragraph 98 purport to characterize and quote the 2022 USFS Response, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

99. The allegations in Paragraph 99 purport to characterize the 2022 USFS Response, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

100. In response to the first sentence of Paragraph 100, Federal Defendants admit that they received a letter from Plaintiffs dated February 24, 2023 ("2023 Letter"). The allegations in the second sentence of Paragraph 100 purport to characterize the 2023 Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

101. Federal Defendants admit the allegations in the first sentence of Paragraph 101. The allegations in the second sentence of Paragraph 101 purport to characterize an April 24, 2023 letter from FWS ("2023 FWS Response") and an April 26, 2023 letter from USFS ("2023 USFS Response"), which speak

for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the documents' plain language, meaning, or context. The allegations in the third and fourth sentences of Paragraph 101 purport to characterize and quote the 2023 USFS Response, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

102. The allegations in Paragraph 102 purport to characterize and quote the 2023 USFS Response, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

103. Federal Defendants admit that Plaintiff sent correspondence to FWS and USFS on February 21, 2024 (a letter to FWS and an email to USFS). The allegations in the second half of the first sentence, and in the remaining sentences of Paragraph 103, purport to characterize CBD's February 21, 2024 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

104. Federal Defendants admit the allegations in Paragraph 104.

105. Federal Defendants admit that CBD sent a letter to FWS and USFS on March 19, 2024. The allegations in the second half of the first sentence, and in the remaining sentences of Paragraph 105, purport to characterize CBD's

33

March 19, 2024 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

106. Federal Defendants admit the first sentence of Paragraph 106. The allegations in the second, third, and fourth sentences of Paragraph 106 purport to characterize CBD's June 14, 2024 NOI letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

107. The allegations in Paragraph 107 purport to characterize CBD's June 14, 2024 NOI letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context.

108. Federal Defendants admit the allegations in Paragraph 108.

109. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

110. Federal Defendants deny the allegations in Paragraph 110.

111. Federal Defendants deny the allegations in Paragraph 111.

112. Federal Defendants deny the allegations in Paragraph 112.

113. Federal Defendants deny the allegations in Paragraph 113.

114. Federal Defendants deny the allegations in Paragraph 114.

115. Federal Defendants deny the allegations in Paragraph 115.

116. Federal Defendants deny the allegations in Paragraph 116.

117. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

118. Federal Defendants deny the allegations in Paragraph 118.

119. Federal Defendants deny the allegations in Paragraph 119.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of Plaintiffs' complaint constitutes their requests for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

Dated: January 31, 2025

Respectfully Submitted,

LISA L. RUSSELL, Deputy Assistant Attorney
General
S. JAY GOVINDAN, Chief
NICOLE M. SMITH, Assistant Chief

*/s/ Elizabeth A. Kirby*
Elizabeth A. Kirby, Trial Attorney
Texas Bar No. 24104199
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611

35

1    Washington, D.C. 20044-7611
     Telephone: (202) 305-0339
2    Email: Elizabeth.kirby@usdoj.gov

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27